UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HALL,

    Plaintiff,

v

MIKE MARTIN, et al.,

    Defendants.
_____/

Case No. 1:11-cv-416

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), involving the denial of recognition of and services for Plaintiff's Messianic Jewish religion. Defendants Martin, Straub and Burrel filed a motion for summary judgment, arguing that their conduct did not violate RLUIPA or the First Amendment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motions. The Magistrate Judge subsequently issued a Report and Recommendation recommending that Defendant Lowe be granted joinder in his co-defendants' motion for summary judgment and that summary judgment be granted as to him as well. The matter is presently before the Court on Plaintiff's separate objections to each Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in recommending this Court grant summary judgment with respect to his RLUIPA claim (Pl. Obj., Dkt 32 at 7; R & R, Dkt 27 at 7) and with respect to his First Amendment claim (Pl. Obj., Dkt 32 at 8, 11; R & R, Dkt 27 at 11). Plaintiff also objects to the joinder of Defendant Lowe to the motion for summary judgment, for the reasons articulated in his other objection (Pl. Obj., Dkt 31 at 1; R & R, Dkt 30 at 2).

### I. RLUIPA Claim

Plaintiff's arguments with respect to his RLUIPA claim center on his contention that religious services are an essential part of religious exercise and that the denial of such constitutes a substantial burden under RLUIPA (Pl. Obj., Dkt 32 at 2). Plaintiff cites a variety of legal authority in support of this proposition (*id.* at 2-3). Plaintiff argues that "Defendants have not adequately explained how approving religious groups such as Asatru/Odinism, Hare Krishna, Insititue of Divine Metaphysical Research, 'Orthodox Christian,' and Wicca, while denying Messianic Jewish services is an 'evenhanded' application of the 'opportunity for inmates to practice their religion'" (*id.* at 7). Plaintiff asserts that "Messianic Judaism is not a sub-group of Judaism" or Christianity (*id.* at 4-5). He argues, therefore, that Messianic Jews are entitled to separate, group religious services (*id.*).

As the Magistrate Judge correctly stated, the Sixth Circuit has held that RLUIPA is not violated if a prison policy does not "'place[] substantial pressure on an inmate to violate his or her religious beliefs or effectively bar an inmate from exercising his religion'" (R & R, Dkt 27 at 5) (quoting *Coleman v. Governor of State of Michigan*, 413 F. App'x 866, 875-76 (6th Cir. 2011)). As the Magistrate Judge noted, Plaintiff has failed to establish that he is being compelled to violate his religious beliefs (R & R, Dkt 27 at 6). Plaintiff's objections also fail to meet this burden.

Plaintiff also "contends the Defendants have not shown that to allow Messianic services would constitute a custody or security threat" (*id.* at 6). Plaintiff misstates what Defendants must show to be entitled to summary judgment. As the Magistrate Judge correctly stated, Defendants must show that their actions are the least restrictive means of furthering a compelling governmental interest (R & R, Dkt 27 at 6). Defendants have met this burden by identifying a compelling governmental interest of conserving staff, space, and time resources of the prison system and showing that the least restrictive means of achieving that goal is to deny group services to sects, denominations or sub-groups of other religions (*id.* at 7). Plaintiff's argument to the contrary is without merit, and his objection is therefore denied.

## II. First Amendment

Plaintiff argues that the Magistrate Judge's evaluation of the *Turner* factors, particularly the first factor, to determine his First Amendment rights have not been violated, was flawed (Pl. Obj., Dkt 32 at 8). Plaintiff asserts that Messianic Judaism is not a sub-group of a larger faith group, that group services are required by his faith, and that there are not adequate alternative means for him to practice his faith other than group services (*id.* at 8-9). The Magistrate Judge correctly applied the four *Turner* factors to determine if Defendants' conduct is constitutional (R & R, Dkt 27 at 9).

*Turner* mandates that for a prison policy that impacts a prisoner's religious liberty to be constitutional, there must be a valid, rational connection between the policy and a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). As the Magistrate Judge correctly noted, Defendants have offered legitimate government interests that are rationally related to the policy of limiting the number of religious groups eligible for group services (*id.* at 10). Plaintiff has not countered this reasoning, and ultimately asserts that "[i]t is not a prison regulation that has

barred Plaintiff and other Messianics from being allowed group services. It is the subjective opinion of four men, especially Defendant Martin" (Pl. Obj., Dkt 32 a 9). This argument, however, is without merit. The regulation at issue is Michigan Department of Corrections Policy Directive 05.03.150, acknowledged by Plaintiff, which governs the religious practices of prisoners and establishes the procedure by which group services are to be approved (*id.*). Plaintiff's objection is without merit, and is therefore denied.

### III.  Joinder of Defendant Lowe

Plaintiff does not object to the joinder of Defendant Lowe *per se*, but instead to the reasoning of the Magistrate Judge in granting Defendant Lowe summary judgment (Pl. Obj., Dkt 31 at 1). For the reasons already stated, those objections are denied. Therefore Plaintiff's objection to summary judgment in favor of Defendant Lowe is likewise denied.

### IV.  Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 31 & 32) are DENIED, and the Reports and Recommendations (Dkts 27 & 30) are APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Lowe's Joinder in the Motion for Summary Judgment (Dkt 29) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 15) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: May  1  , 2012                      /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge